UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. RICALLS, | Case No. CV 20-3045-PA (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| HINTON, | |
| Defendant(s). | |

## I.
## **INTRODUCTION**

Plaintiff James L. Ricalls ("Plaintiff"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a violation of his First and Sixth Amendment rights. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.
## **BACKGROUND**

On March 22, 2020, Plaintiff, who is currently detained at North Kern State Prison, constructively filed[1] the Complaint against Mr. Hinton, the "county assistan[t]

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see

1  legal staff worker" at Men's Central Jail in Los Angeles ("Defendant").  ECF Docket
2  No. ("Dkt.") 1 at 1, 13.  Plaintiff does not specify whether he seeks to sue Defendant
3  in his official or individual capacity, or both.
4      Plaintiff alleges that on July 2, 2019, Defendant personally delivered an
5  "unsealed" letter "from attorney Justin Brooks" to Plaintiff in his cell at Men's Central
6  Jail.  Id. at 3.  The unsealed envelope was stamped with "Confidential – Legal Mail –
7  California Innocence Project" and also had the California Innocence Project address
8  and Mr. Brooks' name and bar number written on the upper-left corner.  Id. at 4.
9  Plaintiff alleges Plaintiff "should have pick[ed] it up at the attorney room with the
10 legal staff . . . present[]."  Id. at 3.  Plaintiff further alleges the staff should have
11 opened the legal mail in front him, and that Plaintiff should have signed and dated
12 "for proof of receiving the legal mail . . . ."  Id.  While not entirely clear, Plaintiff
13 appears to allege he became "frighten[ed]" that his "confidentiality was breach[ed]"
14 and that the mail "may have been deliver[ed] to anyone of the law or justice system"
15 and Plaintiff was "in fear[] of [Defendant] of the breaching of my mail."  Id. at 3.
16 Plaintiff attaches various documents to his Complaint, including what appears to be a
17 copy of the unsealed envelope and an inmate grievance he filed on July 5, 2019
18 regarding the incident.  Id. at 4-12.
19      Plaintiff seeks to have Defendant "charge[d]with the crime of tampering with
20 government mail" and to bring a suit for damages against Los Angeles County for the
21 sum of $25,000 and against Defendant personally for the sum of $10,000.  Id. at 13.

## III.

## STANDARD OF REVIEW

24      Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court
25 must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to
26 dismiss the case at any time if it concludes the action is frivolous or malicious, fails to

---

28 Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

2

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for screening purposes, a court applies the same pleading standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

1  However, liberal construction should only be afforded to "a plaintiff's factual
2  allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d
3  339 (1989), and a court need not accept as true "unreasonable inferences or assume
4  the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock
5  Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).
6       If a court finds the complaint should be dismissed for failure to state a claim,
7  the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,
8  203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it
9  appears possible the defects in the complaint could be corrected, especially if the
10 plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106
11 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot
12 be cured by amendment, the court may dismiss without leave to amend. Cato, 70
13 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.
## DISCUSSION

**A.  PLAINTIFF FAILS TO STATE A SECTION 1983 CLAIM AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY**

    **1.  Applicable Law**

A municipality can be liable under Section 1983 "when execution of a government's policy or custom" inflicts a constitutional injury. Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166.

To state a cognizable Section 1983 claim against a municipality or local government officer in his or her official capacity, a plaintiff must show the alleged constitutional violation was committed "pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity.'" Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992). Proof of random acts or isolated events is insufficient to establish a custom or practice. Thompson v. City of L.A., 885 F.2d 1439, 1444 (9th Cir. 1989). Rather, a plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Board of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). In addition, a plaintiff must show the policy, practice, or custom was "(1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

**2. Analysis**

Here, Plaintiff does not state whether he sues Defendant in his official capacity. See dkt. 1. However, to the extent Plaintiff's request to bring a civil suit against Los Angeles County,[2] id. at 13, can be construed as indicating Plaintiff wishes to sue Defendant is his official capacity, Plaintiff fails to state a Section 1983 claim against Defendant in his official capacity. Plaintiff has not alleged any facts showing that Defendant improperly delivered and/or opened Plaintiff's mail pursuant to a "formal government policy" or a "longstanding practice or custom." See Gillette, 979 F.2d at 1346. In fact, Plaintiff implies Defendant's actions were contrary to standard

---

[2] Plaintiff does not list the County of Los Angeles as defendant. See dkt. 1. Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Accordingly, to the extent Plaintiff seeks to sue the County of Los Angeles, the Complaint fails to comply with Rule 10(a). If Plaintiff chooses to file an amended complaint, he must clarify which defendants he is suing. Moreover, as discussed herein, Plaintiff fails to state a claim against the County of Los Angeles.

5

operating procedure, stating that Defendant brought Plaintiff already-opened mail even though Plaintiff "should have pick[ed] it up at the attorney room with the legal staff standing with me" and Defendant's conduct was "very incompetent," considering "he was [trained] for [his] position." Dkt. 1 at 3. Furthermore, Plaintiff only alleges that Defendant opened his legal mail on one, isolated incident, which is not sufficient to establish a custom or practice. Thompson, 885 F.2d 1439.

Accordingly, to the extent Plaintiff seeks to bring a claim against Defendant in his official capacity, his claim is subject to dismissal.

## B.  PLAINTIFF HAS NO PRIVATE CAUSE OF ACTION FOR MAIL TAMPERING

### 1. Applicable Law

Pursuant to 18 U.S.C. § 1702 ("Section 1702"), it is a federal criminal offense to open, destroy, or take mail before it has been delivered to the recipient "with design to obstruct the correspondence, or to pry into the business or secrets of another . . . ." 18 U.S.C. § 1702. However, a violation of Section 1702 does not create a private cause of action. See Schowengerdt v. Gen. Dynamics Corp., 823 F.2d 1328, 1340 (9th Cir. 1987) (noting case law supports that "there is no private right of action" pursuant to 18 U.S.C. § 1702); Atualevao v. Swift, No. CV 07-1550-MMM (PLA), 2007 WL 9759644, at *3-4 (C.D. Cal. May 31, 2007) ("An alleged violation of § 1702 . . . does not give rise to a civil cause of action for damages . . . . Consequently, plaintiff may not state a federal civil rights claim based on a defendant's alleged violation of 18 U.S.C. § 1702." (citations omitted)).

### 2. Analysis

Here, Plaintiff requests Defendant be charged with the crime of "tampering with government mail."³ Dkt. 1 at 13. Even if Defendant's alleged actions

---

³ Although Plaintiff does not reference a specific criminal statute in the Complaint, based on the facts Plaintiff has alleged, it appears Plaintiff seeks criminal prosecution pursuant to Section 1702. In the grievance attached to his Complaint, however, Plaintiff states Defendant has violated California Penal Code §§ 115.3 and 422.6. Dkt. 1 at 7. Plaintiff does not allege facts in the Complaint that would support violations

1   constituted a crime in violation of Section 1702, Plaintiff has no private cause of
2   action against Defendant.  See Schowengerdt, 823 F.2d at1340; Atualevao, 2007 WL
3   9759644 at *3-4.
4         Accordingly, to the extent Plaintiff seeks to bring a claim for "mail tampering,"
5   Plaintiff has no private cause of action, and his claim is subject to dismissal.

6   **C.**     **THE COMPLAINT FAILS TO STATE EITHER A SIXTH OR FIRST**
7         **AMENDMENT CLAIM**
8         **1.**   **Applicable Law**
9         A prisoner's Sixth Amendment right to counsel is violated when prison
10  employees read the prisoner's criminal legal mail, whether incoming or outgoing.
11  Nordstrom v. Ryan, 762 F.3d 903, 911 (9th Cir. 2014).  Even a single instance of an
12  employee reading a prisoner's criminal legal mail is sufficient to establish a Sixth
13  Amendment violation.  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017)
14  (citing Nordstrom, 762 F.3d at 903).  In addition to prohibiting prison employees
15  from actually reading prisoner legal mail, the Sixth Amendment gives prisoners "the
16  right to be present when legal mail related to a criminal matter is inspected" to avoid
17  the "chilling" of a prisoner's protected communications.  Mangiaracina v. Penzone,
18  849 F.3d 1191, 1196 (9th Cir. 2017).  To maintain a Sixth Amendment claim, a
19  prisoner must allege that the mail was marked as "legal mail."  Id.
20        In addition to the Sixth Amendment, the First Amendment also protects a
21  prisoner's right to be present for the opening of properly marked legal mail.  Hayes,
22  849 F.3d at 1211.  This First Amendment protection extends to properly marked civil
23  legal mail, in addition to properly marked criminal legal mail.  Id. at 1208-12.  To state
24  a valid First Amendment claim for improper opening of legal mail, prisoners need not
25  allege a "longstanding practice" of violations, nor are they required to show any actual
26  injury beyond the violation itself.  Id. at 1212-13.  Even two isolated instances of

27  ─────────────────
28  of these criminal statutes which relate to alterations of official records and hate crimes.

7

prison employees "arbitrarily or capriciously" opening properly marked legal mail outside of a prisoner's presence can be sufficient to establish a First Amendment claim. Id. However, mere negligence on behalf of the prison employees, rather than intentional conduct, would likely not rise to the level of a First Amendment violation. Id. at 1214-19 (Bybee, Circuit Judge, concurring).

### 2. Analysis

Here, while Plaintiff has sufficiently alleged the letter was legal mail (because the letter was marked as "confidential legal mail" and displayed Mr. Brooks' bar number and the address for the California Innocence Project in the upper-left corner), Plaintiff does not allege sufficient facts to state either a Sixth Amendment or First Amendment claim for improper handling of legal mail. Plaintiff only alleges Defendant brought him an unsealed letter from attorney Justin Brooks with the California Innocence Project. Dkt. 1 at 3.

First, Plaintiff fails to allege whether Mr. Brooks is representing him in a criminal, as opposed to a civil, matter. Plaintiff has, therefore, failed to allege sufficient facts to show his Sixth Amendment right to counsel in a criminal case was violated.

In addition, Plaintiff has not alleged that Defendant "arbitrarily and capriciously" opened the letter. Plaintiff does not state whether it was Defendant, rather than a third party, who actually opened the letter, but only that Defendant delivered it to Plaintiff "unsealed." Id. Moreover, Plaintiff states in his Complaint that Defendant's conduct was "very incompetent," considering "[Defendant] was [trained] for [his] position," id.; however, these conclusory allegations do not allege Defendant acted with anything other than mere negligence.[4] Plaintiff has, therefore,

---

[4] While isolated instances may be, in "appropriate circumstances," sufficient to state either a First Amendment or Sixth Amendment claim for improper opening of legal mail, the Court has found no authority suggesting that a single incident, without allegations showing prison staff acted deliberately as opposed to merely inadvertently, is sufficient. See Hayes, 849 F.3d at 1212-13 (holding plaintiff stated a First Amendment claim where mailroom staff opened his mail on two occasions and Plaintiff alleged staff often illegally opened inmates' mail if the inmates were convicted

1  failed to allege sufficient facts to show his First Amendment right to be present for
2  the opening of properly marked legal mail was violated.
3        Accordingly, Plaintiff has not alleged sufficient facts to state a First or Sixth
4  Amendment claim for improper handling of legal mail and his claim is subject to
5  dismissal.

## V.

## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, while the Court believes Plaintiff has failed to plead sufficient factual matter in his pleading, accepted as true, to state a claim to relief that is viable on its face, Plaintiff is not required to omit any claim in order to pursue this action. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

---

of sex offenders); Doreh v. Rodriguez, 723 F. App'x 530 (9th Cir. 2018) (finding plaintiff stated a claim by alleging defendant "knowingly and intentionally opened [plaintiff's] legal mail outside of his presence on several occasions before it was delivered to him."); Mangiaracina, 849 F.3d at 1196-97 (holding plaintiff had stated a Sixth Amendment claim where defendants opened plaintiff's legal mail on two instances and informed plaintiff that "jail employees 'can open [legal mail] outside [his] presence if they want to,' that 'there is no law against it,' and that 'they just do it in [his] presence as a [courtesy]'").

9

1  Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which**

**relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

2. Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint. If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the entire action be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

3. Finally, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: May 05, 2020

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge